UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO. 09-CV-60239-ZLOCH-Snow

FLY BRAZIL GROUP, INC, a Florida
corporation,

    Plaintiff,

v.

THE GOVERNMENT OF GABON
AFRICA, and AFRIJET BUSINESS
SERVICES,

    Defendants.
_____/

**DEFENDANT THE GOVERNMENT OF GABON AFRICA'S
MOTION TO QUASH PLAINTIFF FLY BRAZIL GROUP, INC.'S THIRD SERVICE
ATTEMPT OF THE VERIFIED AMENDED COMPLAINT FOR INSUFFICENT
PROCESS AND INSUFFICIENT SERVICE OF PROCESS**

Pursuant to Federal Rules of Civil Procedure 12(b)(4) and (5) and this Court's April 8, 2009 Order, Defendant The Government of Gabon Africa ("Gabon" or the "Government") hereby moves this Court to quash Plaintiff Fly Brazil Group, Inc.'s ("Fly Brazil") June 26, 2009 attempted service of the Verified Amended Complaint on Gabon for insufficient process and insufficient service of process based on Fly Brazil's failure to adhere to the strict service requirements of the Foreign Sovereign Immunities Act (the "FSIA") to effect service on a foreign government.

Summary of the Motion

In order to effect service of process on Gabon under the FSIA, Fly Brazil was required to have the Clerk of the Court dispatch a copy of the summons, complaint, and a notice of suit – along with translations of each document in French – to the head of the Ministry of Foreign

Affairs by any form of mail that requires a signed receipt. The Notice of Suit was required to include a complete copy of the Foreign Sovereign Immunities Act ("FSIA") as well as the Verified Amended Complaint and any exhibits to the pleading in a form that would place Gabon on proper notice of the contentions in this suit and its rights under federal law. Fly Brazil – for the third time – did not adhere to these requirements, rendering the attempted service of process on Gabon improper. First, Fly Brazil's attempted third service was not dispatched by the Clerk of Court. That failure alone renders the attempted service improper. Second, the attempted third service did not contain a complete copy of the FSIA as expressly required by the Notice of Suit. Third, the service papers did not contain complete English and French versions of the Verified Amended Complaint and Exhibits nor were the service papers prepared in a manner that placed Gabon on reasonable notice of the contentions of this suit.

These failures are not merely "technical" violations that can be overlooked. When a Plaintiff seeks to serve process on a foreign sovereign such as Gabon, strict adherence to the FSIA is required. Gabon cannot be compelled to defend this action unless and until it has been properly served. And, when a plaintiff fails to adhere to all of the requirements of the FSIA, especially after being informed of its obligation, the Court should not hesitate to quash the attempted service.

## Factual Background

This action arises out of a December 6, 2006 Letter Agreement allegedly between Fly Brazil and Gabon. Fly Brazil alleges that it was "commissioned by Gabon, through Afrijet, to perform interior and exterior consulting design, engineering modification services for a Boeing 777 aircraft to be acquired by Gabon" (the "Aircraft") in exchange for payment of $6 million

dollars.[1] [D.E. 1, p.12, ¶6; *see id.* at ¶7.] As a result of Fly Brazil's alleged failure to receive payment for this invoice, on June 10, 2008, it filed suit against Gabon and Wells Fargo Bank NorthWest ("Wells Fargo"). [D.E. 1, p.11.]

In its Verified Complaint, Fly Brazil brought a breach of contract claim against Gabon seeking the full amount of the invoice, and brought an action to foreclose a mechanic's lien against Wells Fargo. [D.E. 1, p.13, ¶¶11-14; *id.* at p.14, ¶¶15-20.] Fly Brazil also sought the issuance of a writ of attachment against both Gabon and Wells Fargo on the Aircraft, which Fly Brazil alleged was located in Virginia. [D.E. 1, p.15, ¶¶21-23.][2]

A.  **Fly Brazil's First Attempt to Effect Service of Process on Gabon**

On June 18, 2008, Fly Brazil attempted to effect service on Gabon by delivering a copy of a corporate summons and the Verified Complaint to the First Consular & Authorized Agent at the Embassy of the Gabonese Republic in Washington, D.C. [D.E. 1, p.6, June 18, 2008 Affidavit of Service.] On July 21, 2008, undersigned counsel wrote a letter to Fly Brazil's counsel raising threshold jurisdictional challenges to Fly Brazil's action, including that its

---

[1] The Letter Agreement states it was valid for one year – December 2006 through December of 2007. [D.E. 1, p.17.] But, Fly Brazil did not issue an invoice to Gabon for $5,994,888 until February 29, 2008. [D.E. 1, p.18.]

[2] Gabon contends that Fly Brazil fails to state a cause of action against Gabon because it is not a party to the alleged Letter Agreement. *See* [D.E. 1, p.17.] The Letter Agreement appears to be signed by Jean Baptist Tomi, the CEO of Defendant Afrijet Business Services ("Afrijet"). *Id.* Afrijet is a private entity and not affiliated with the Government. Mr. Tomi is not a representative of Gabon, and thus, even if validly executed by an Afrijet representative, cannot bind the Government. This issue will be addressed by Gabon if and when it is ever properly served with process.

attempted service of process on the Gabonese Embassy in Washington, D.C. was ineffective because it did not adhere to the service requirements of section 1608 of the FSIA. *Id.*[3]

Based on Gabon's and Wells Fargo's responses to the Verified Complaint, Fly Brazil, on November 13, 2008, moved to file a Verified Amended Complaint. [D.E. 2, Ex. 1.] That motion was granted on November 26, 2008 through an Agreed Order. [D.E. 1, p.7.]

The Verified Amended Complaint added Afrijet as a defendant, and again named Gabon and Wells Fargo as defendants. In the Verified Amended Complaint, Fly Brazil alleged breach of contract and sought a writ of attachment for the Aircraft against Gabon and Afrijet. *See* [D.E. 2, Ex. 1, Ex. A, ¶¶11-14, ¶¶19-21.] Fly Brazil did not make any claims against Wells Fargo.[4]

## B. Fly Brazil's Second Attempt to Effect Service of Process on Gabon

On January 9, 2009, Fly Brazil made its second attempt to effect service of process on Gabon. [D.E. 1, p.26, DHL Report.] That service package did not include a copy of the Verified Amended Complaint in English. The service package included a copy of the Verified Complaint, which was not actually verified. The Service Papers also included only one copy of the exhibits (in English) attached to the Verified Complaint. [D.E. 1, pp.16-20.] Further, the service package was sent by Fly Brazil itself, (D.E. 1, p. 26, (DHL Report)), and was sent to the Presidential Office for the Republic of Gabon. [D.E. 1, pp.9, 26.]

---

[3] In response to the Verified Complaint, on July 3, 2008, Wells Fargo filed a Verified Motion to Strike or Alternatively to Dismiss the Verified Complaint, asserting that Fly Brazil's claims against Wells Fargo must fail because Wells Fargo has no beneficial right, title, or interest in the Aircraft; Fly Brazil does not have a valid claim of lien upon which to foreclose; the Aircraft is not located in Florida; and Fly Brazil failed to name an indispensable party – Afrijet Business Services.

[4] On that basis, on December 10, 2008, Wells Fargo moved to strike and/or dismiss the Verified Amended Complaint. On January 30, 2009, Fly Brazil filed a Notice of Voluntary Dismissal, dismissing Wells Fargo as a defendant. [D.E. 1, pp.27-28.]

On March 13, 2009, Gabon filed a Motion to Quash Service of the Verified Amended Complaint for Insufficient Process and Insufficient Service of Process ("Gabon's First Motion to Quash"). [D.E. 2.] In that Motion, Gabon explained that Fly Brazil's January of 2009 service attempt did not adhere the strict service requirements of the FSIA because: (1) the service package did not include a Notice of Suit; (2) the service package was not dispatched by the Clerk of Court; (3) Fly Brazil did not serve the Ministry of Foreign Affairs; (4) Fly Brazil did not include a complete French translation of the Verified Amended Complaint; and (5) Fly Brazil included the wrong complaint in the Service Package, including the Verified Complaint, instead of the Verified Amended Complaint. *See* [D.E. 2, pp.8-11.]

On April 2, 2009, Fly Brazil filed a response to Gabon's Motion. [D.E. 6.] In that response, Fly Brazil stated that it "has determined that service was not properly made on Gabon." [D.E. 6, p.1.] Fly Brazil also stated that "the parties have agreed that an order should be issued quashing service and allowing Fly Brazil 90 days from the date of such order to properly effect service on Gabon." *Id.*

On April 8, 2009, this Court entered an Order quashing Fly Brazil's January 2009 attempted service of process, and requiring Fly Brazil to effect service of process on Gabon and to file a return of service by Noon on Friday, July 3, 2009. [D.E. 8.] The Court also ordered that the "[f]ailure of Plaintiff to comply with the terms and conditions of this Order shall result in dismissal of Defendant The Government of Gabon, Africa, without prejudice, and without further notice or hearing." [D.E. 8, p.2, 3.][5]

---

[5] Fly Brazil subsequently sought, and Gabon agreed to an extension of this deadline, until Noon on July 17, 2009, which this Court granted. [D.E. 12.]

## C. Fly Brazil's Third Attempt to Effect Service of Process on Gabon

On June 16, 2009 – Fly Brazil made its third attempt to serve Gabon. On June 26, 2009, counsel for Fly Brazil, apparently noticing the service package was not reflected by FedEx as having been delivered, filed a Motion for Enlargement of Time of Fifteen Days to Comply With This Court's Order of April 8, 2009 Regarding Service of Process. [D.E. 10.] In that Motion, Fly Brazil stated that the service package sent to Gabon was lost in transit. [D.E. 10. p.2.] In support of that Motion, Fly Brazil filed the Federal Express Airbill showing the sender's name as "Clerk U.S. District Court" and the recipient's name as the Ministry of Foreign Affairs. [D.E. 10, Ex. A.] The Court granted Fly Brazil's motion for the 15-day extension, requiring Fly Brazil to effect service of process on Gabon by Noon on Friday, July 17, 2009 and to file a return of service reflecting same. [D.E. 12.]

On July 16, 2009, Fly Brazil filed a Re-Notice of Filing of Proof of Service on the Government of Gabon ("Notice of Proof of Service"), asserting that the service package was transmitted by the Clerk of the Court and was delivered to the Gabon Ministry of Foreign Affairs on June 26, 2009. [D.E. 16, Ex. A.][6] However, when undersigned counsel further analyzed the various and different filings by Fly Brazil related to its attempted service of process on Gabon, we learned that the Service Papers were dispatched from a federal express office located at a Kinko's in Sunrise, Florida. [D.E. 10, Ex. B.]

Additionally, after undersigned counsel received the Notice of Proof of Service claiming that service had been made on Gabon, undersigned counsel attempted to secure the service package from the Government. To this day, we have been unable to secure the service package

---

[6] The initial Notice of Filing of Proof of Service filed by Fly Brazil earlier that same day did not attach the proof of service, but instead attached an e-mail received from Federal Express explaining the delay in the delivery of the package. [D.E. 15.]

despite our continuous efforts. While Fly Brazil asserts that the service package was delivered after being lost in transit, representatives of Gabon who have been in contact with the Ministry of Foreign Affairs have not been able to locate any such service package.[7]

Undersigned counsel has reviewed the service papers that were served on co-defendant Afrijet Business Services. Since the Summons for Afrijet was issued by the Clerk of Court on the same day as the Summons for Gabon, since the Notice of Suit to Gabon was included in the service package served on Afrijet and since the package was transmitted at the same time, Gabon submits that the service papers on Afrijet should be considered the same package served on Gabon.

Those service papers included: (1) a Notice of Suit addressed to Gabon, in English and French; (2) a French translation of the Verified Amended Complaint without the exhibits; (3) Exhibit 1 to Gabon's First Motion to Quash, which included a copy of Plaintiff's Motion to File Verified Amended Complaint and Memorandum of Law, and an attachment the Verified Amended Complaint in English without the exhibits; (4) Composite Exhibit 2 to Gabon's First Motion to Quash, which included a Florida Division of Corporations printout for Fly Brazil and Max Fly Aviation, and a printout showing the address for the Presidential Office for Gabon and the Ministry of Foreign Affairs; (5) Exhibit 3 to Gabon's First Motion to Quash, which included a copy of 28 U.S.C. §1608 – a section of, but not the complete FSIA; and (6) a copy of two documents which appear to be identified in the Verified Amended Complaint but which are not

---

[7] The Government of Gabon has been involved in a difficult political transition, resulting from a disputed election. Undersigned counsel has already sought extensions of time from this Court to try to secure the service papers but has no ability to predict if and when the service papers will ever be located. Undersigned counsel asked counsel for Fly Brazil to provide a copy of the papers that were allegedly served on Gabon. To date, Fly Brazil has failed to provide a copy of the service papers so that it could meet its burden of establishing that it complied with the FSIA in all respects.

identified as exhibits. Those two documents were provided in English but do not include a French translation (collectively the "Service Papers"). (A copy of the Service Papers is attached hereto as Exhibit "A"). As explained below, those service papers do not comply with the requirements of the FSIA.

Fly Brazil was placed on explicit notice of the FSIA service requirements that must be met to sue a foreign sovereign. Gabon, in its First Motion to Quash, summarized the service requirements of the FSIA, explained that these requirements are strictly construed, and explained in great detail all the documents required to be included in the service package, and the method in which service must be made. [D.E. 2]. Despite Gabon's service tutorial in its first motion to quash service of process on Gabon, Fly Brazil has again failed to adhere to the strict service requirements of the FSIA. The Clerk of the Court did not "dispatch" the Service Papers, as required by the FSIA. And, the Service Papers did not contain all of the documents that must be served pursuant to the FSIA. There is absolutely no excuse for its failure to follow the FSIA with its third attempted service this past June. Thus, this third service should be quashed.[8]

### Memorandum of Law

**A.   Motion to Quash Standard**

Pursuant to Rule 12(b)(4) and (5), a defendant may challenge the sufficiency of process before filing a responsive pleading. *See Thurber v. Nebraska*, No. 4:06CV3174, 2006 WL

---

[8] "Under the FSIA, subject matter jurisdiction under § 1605, coupled with service of process under § 1608, establishes personal jurisdiction." *Kalasho v. Republic of Iraq*, No. 06-11030, 2007 WL 2683553, *5 (E.D. Mich. Sept. 7, 2007); *see also* 28 U.S.C. § 1330(b). Fly Brazil's failure to effect proper service on Gabon prevents this Court from exercising personal jurisdiction over Gabon. *See Valore v. Islamic Republic of Iran*, 478 F. Supp. 2d 101, 107 (D.D.C. 2007) ("Personal jurisdiction over a non-immune foreign sovereign exists so long as service of process has been made under Section 1608 of the FSIA."). Gabon reserves its right to further challenge this Court's exercise of personal jurisdiction over Gabon as well as whether this Court possesses subject matter jurisdiction over this action based on the immunity provisions of the FSIA.

3392191, *2 (D. Neb. Oct. 26, 2006); *see also Vega Glen v. Club Mediterranee S.A.*, 359 F. Supp. 2d 1352, 1355 (S.D. Fla. 2005) (granting motion to dismiss for insufficient service). Under Rule 12(b)(4), a defendant may challenge the substantive deficiencies in the summons, complaint or accompanying documentation. *See Hilaturas Miel, S.L. v. Republic of Iraq*, 573 F. Supp. 2d 781, 796 (S.D.N.Y. 2008). And, under Rule 12(b)(5) a defendant may challenge the mode of delivery or the lack of delivery of the summons and complaint, for which "a Court must look to matters outside the complaint to determine whether it has jurisdiction." *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002).

The "objections to the service of process must be specific and identify in what manner the utilized service of process rules were not satisfied." *U.S. v. Roman*, No. 98-CV-4953 (JS)(ETB), 2008 WL 4415291, *1 (E.D.N.Y. Sept. 22, 2008). Once the defendant challenges the sufficiency of process, "the plaintiff bears the burden of establishing its sufficiency." *Sapp v. The Roman Catholic Archbishop of Portland in Oregon*, No. CV 08-68-PK, 2008WL 1849915, *1 (D. Or. Apr. 22, 2008); *see Hilaturas Miel, S.L.*, 573 F. Supp. 2d at 796; *see also Vega Glen*, 359 F. Supp. 2d at 1355; *Sanders v. Fluor Daniel, Inc.*, 151 F.R.D. 138, 139 (M.D. Fla. 1993) (granting motion to dismiss for insufficient service of process finding plaintiff failed to meet her burden). Where a Plaintiff has failed to comply with the FSIA service requirements, the Court has broad discretion to either quash the insufficient service or dismiss the action.[9]

---

[9] *See, e.g., Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985) (stating that where the process or service of process is insufficient, "[t]he courts have broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant").

**B.     FSIA Service of Process Requirements on a Foreign State**

Rule 4(j)(1) states that "[a] foreign state . . . must be served in accordance with 28 U.S.C. § 1608."[10] [D.E. 2, Ex. 3, a copy of 28 U.S.C. §1608.] Section 1608 sets forth two separate procedures for service of process, one on a foreign state or political subdivision of a foreign state (§ 1608(a)), and another on an agency or instrumentality of a foreign state (§ 1608(b)). Because Gabon is a foreign state under the FSIA, subsection (a) of 1608 applies, which allows service of process to be made against a foreign state in one of four ways.[11]

To effect service of process under subsection (a)(3), the plaintiff was required to send a copy of the summons, a copy of the complaint, and a notice of suit – together with the translations of each into the official language of the foreign state – "by any form of mail requiring a signed receipt, to be dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned." 28 U.S.C. § 1608(3)(a), Ex. 3. The courts require "[s]trict adherence to the terms of 1608(a)." *Ben-Rafael v. Islamic Republic of Iran*, 540 F.

---

[10]   See *Lippus v. Dahlgren Mfg. Co.*, 644 F. Supp. 1473, 1477 (E.D.N.Y. 1986) (stating that "§ 1608 is the exclusive means of service under the FSIA"); *Lewis & Kennedy, Inc. v. Permanent Mission of Republic of Botswana to United Nations*, No. 05 Civ. 2591(HB), 2005 WL 1621342 *3 (S.D.N.Y. July 12, 2005) ("All entities covered by the FSIA must be served in accordance with the exclusive procedures for service outlined therein.") (citing *Alberti v. Empresa Nicaraguense de la Carne*, 705 F.2d 250, 253 (7th Cir. 1983)).

[11]   Although "[t]he provisions for service under section 1608 are hierarchical, such that a plaintiff must attempt the methods of service in the order they are laid out in the statute," see *Magness v. Russian Federation*, 247 F.3d 609, 612 (5th Cir. 2001) (citations omitted), only subsection (a)(3) is applicable in this case. Subsection (1) does not apply because no agreement existed between Fly Brazil and Gabon regarding the acceptance of service. See Ex. 3, §1608(a)(1). Subsection (2) does not apply because Gabon is not a member of any applicable convention on service of judicial documents. § 1608(a)(3). And, subsection (4) does not apply because that section is only triggered "if service cannot be made within 30 days under paragraph (3)." § 1608(a)(4). The record shows that the most recent Summons was issued on June 16, 2009, and delivered to the Ministry of Foreign Affairs 10 days later on June 26, 2009. Ex. A, p.1, the Summons.] Thus, by process of elimination, subsection (3) governs service of process on Gabon.

Supp. 2d 39, 52 (D.D.C. 2008); *Finamar Investors Inc. v. Rep. of Tadjikstan*, 889 F. Supp. 114, 117 (S.D.N.Y. 1995) (stating that courts "mandate strict adherence to its terms, not merely substantial compliance").

In sum, to effect proper service upon Gabon under section 1608(a)(3), Fly Brazil was required to serve Gabon with a copy of the Summons in English and French,[12] a copy of the Verified Amended Complaint with exhibits in English and French, a Notice of Suit in English and French, have those documents dispatched by the Clerk of the Court, and have them sent to Gabon's Ministry of Foreign Affairs.

### C. Fly Brazil's Failure to Adhere to the Strict Requirements of Section 1608(a)(3) Renders the Attempted Service of Process Insufficient.

To determine whether service of process was properly effected against a foreign state, the Court must first determine whether the defendant qualifies as a foreign state under the FSIA. Once it is determined that the FSIA is applicable, the Court must then determine whether the attempted service complied with the strict requirements of section 1608(a). It is indisputable that Gabon is a foreign sovereign.[13] Thus, the issue before this Court is whether Fly Brazil strictly complied with the service requirements of section 1608(a)(3).

Fly Brazil did not adhere to these service requirements. And, as the Courts have held, service of process on a foreign government under Section 1608(a) requires strict compliance to those requirements. *See Ben-Rafael*, 540 F. Supp. 2d at 52; *Finamar Investors Inc.*, 889 F. Supp.

---

[12] The official language of Gabon is French. *See* The Gabonese Website, *Gabonese Language and Gabonese Dictionary*, http://gabon.embassyhomepage.com/gabonese_language_learn_gabonese_language_schools_gabonese_dictionary_online_holiday_phrases_in_gabonese_embassy_london_uk.htm (last visited March 13, 2009).

[13] Fly Brazil acknowledged that Gabon is a foreign state. *See* [D.E. 1, p.11, ¶2 (stating "Gabon is a sovereign nation on the continent of Africa"); Ex. 1, Ex. A, p.1, ¶2 (same).]

at 117.[14] As such, whether Gabon received actual notice of the suit is irrelevant. *See Trans Commodities, Inc.*, 1997 WL 811474 at *4; *Finamar Investors Inc.*, 889 F. Supp. at 118. This Court should quash Fly Brazil's June 26, 2009 attempted service on Gabon on three independent grounds.

1. Fly Brazil Dispatched the Service Papers in Direct Contravention of Section 1608(a)(3).

First, Fly Brazil did not have the Clerk of the Court dispatch the Service Papers. Section 1608(a)(3) specifically requires that the Clerk of the Court dispatch the Service Papers – not the Plaintiff or his counsel. [D.E. 2, Ex. 3.]

The record shows that Fly Brazil itself dispatched the Service Papers. [D.E. 10, Ex. B.] The FedEx "In Transit" Detailed Results (the "FedEx Report") states that the Service Papers were "Tendered at FedEx Kinko's," located in Sunrise, Florida. *Id.* This Court, however, is not located in Sunrise, but in Fort Lauderdale, Florida. It appears that Fly Brazil attempted to comply with this strict requirement of the FSIA by listing the "Sender" as the "Clerk U.S. District Court." [D.E. 10, Ex. A.] This representation by Fly Brazil to this Court in its Motion for Enlargement (D.E. 10), and its Notice of Proof of Service is incorrect. The very record submitted by Fly Brazil establishes that Fly Brazil itself dispatched the Service Papers, not the Clerk of Court.

It was incumbent upon Fly Brazil to comply with the service requirements of the FSIA by insuring that the Clerk of the Court directly dispatch the service package. It is regular procedure

---

[14] *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 154 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995) (requiring strict adherence to service requirements of §1608(a)); *Finamar Investors Inc. v. Republic of Takjikistan*, 889 F. Supp. 114, 117 (S.D.N.Y. 1995) (same) *Trans Commodities, Inc. v. Kazakstan Trading House*, No. 96 CIV. 9782(BSJ), 1997 WL 811474, *4 (S.D.N.Y. 1997) ("Service must be effectuated via rigid adherence to the FSIA's literal requirements enumerated in 28 U.S.C. § 1608(a)").

for the Clerk of the Court to "dispatch" service papers on foreign governments as required by the FSIA. *See e.g.* Clerk's Notice of International Service in case numbers 1:08-23405-cv-WMH (D.E. 3); 1:04cv-21153-JLK (D.E. 4); 1:03-cv-20946-PAS (D.E. 8); 1:03-cv-22797-ASG (D.E. 4); 1:03-cv-21060-ASG, (D.E. 12), attached hereto as Composite Exhibit "B").[15] Thus, because Fly Brazil did not have the Clerk of the Court dispatch the Service Papers, it failed to properly serve Gabon in accordance with section 1608(a)(3), rendering the attempted service insufficient. *See Magness v. Russian Federation*, 247 F.3d 609, 613 (5th Cir. 2001) (concluding that the FSIA was not strictly complied with as to the Russian Federation and Ministry of Culture because "[i]nstead of asking the clerk of the district court to send the summons and notice of suit by return receipt mail to the head of the Russian foreign ministry under section 1608(a)(3), the Magness descendants sent their complaint . . . *directly* to the Russian Deputy Minister of Culture) (emphasis in original); *Ellenbogen v. The Canadian Embassy*, No. Civ. A. 05-01553JDB, 2005 WL 3211428, at *3 (finding that the "plaintiff has failed to properly serve defendant in accordance with § 1608(a)(3)" because, among other things, "[t]here [wa]s no evidence that the clerk of the court addressed and dispatched the papers as directed in § 1608(a)(3)"). This violation of the FSIA, in and of itself, provides a sufficient business for this Court to quash service.

---

[15] And, Gabon, in its First Motion to Quash, specifically informed Fly Brazil of this requirement. [D.E. 2, pp.9-10.] Even if Fly Brazil were to claim that it tried to have the Clerk of the Court dispatch the service papers and was told by the Clerk to serve the papers itself, such an excuse would not relieve plaintiff of its burden under the FSIA. Fly Brazil could have and should have filed a motion with this Court seeking an order directing the Clerk to dispatch the service papers. But, there is no evidence in the record as to why the service papers were sent from Kinkos instead of being dispatched by the Clerk.

13

2. <u>Fly Brazil's Attempted Service on Gabon Did Not Include a Copy of the Foreign Sovereign Immunities Act Expressly Required by the Notice of Suit.</u>

Second, the Notice of Suit that Fly Brazil included in the Service Papers did not attach a copy of the complete FSIA. Ex. A, pp. 6-11. Section 1608(a)(3) specifically requires that a notice of suit, together with a translation into the official language of the foreign state, be served on the foreign state along with the summons and complaint. The statute also requires that the notice adhere to a specific form. Subsection (a) provides that "[a]s used in this subsection, a 'notice of suit' shall mean a notice addressed to a foreign state and in a form prescribed by the Secretary of State by regulation." In turn, in section 93.2 of the Code of Federal Regulations, the State Department specifically lists the content requirements for a notice of suit. *See* [D.E. 2, Ex. 4, a copy of C.F.R § 93.2.] In subsection (e), the Code of Federal Regulations requires the plaintiff to "attach, as part of the Notice of Suit, a copy of the Foreign Sovereign Immunities Act of 1976."

Here, Fly Brazil did not attach a copy of the complete FSIA as part of the Notice of Suit. It only attached one subsection of the FSIA. *See* Ex. A, pp. 32-33. And Fly Brazil did not provide a copy of the FSIA translated in French. Again, in its First Motion to Quash, Gabon specifically informed Fly Brazil that a Notice of Suit must be included in the Service Papers and explained that the Notice of Suit must adhere to the requirements of Section 93.2 of the Code of Federal Regulations. [D.E. 2, pp. 8-9.] In fact, Gabon even attached a copy of Section 93.2 in that motion. [D.E. 2, Ex. 4.] Fly Brazil was well-aware of this requirement because it included the following in paragraph 8 of the Notice of Suit it included in the Service Papers: "A copy of the Foreign Sovereign Immunities Act of 1976 is attached hereto." Ex. A, p.8, ¶8. Despite this statement, the FSIA and the required French translation, was not attached.

Fly Brazil's failure to include a copy of the entire FSIA, in English and French, directly contravenes the express requirement of Section 1608. Courts have deemed service of process insufficient when a plaintiff fails to include this notice and its official translation in the service papers. *See Ellenbogen*, 2005 WL 3211428, at *3 n.2 (finding that the "plaintiff has failed to properly serve defendant in accordance with § 1608(a)(3)" because, among other things, "plaintiff failed to include the required notice of suit," which must include "the text of the FSIA"); *see also Magnus Elec., Inc., v. Royal Bank of Canada*, 620 F. Supp. 387, 389 (N.D.Ill.1985), *aff'd in part, rev'd in part on other grounds*, 830 F.2d 1396 (7th Cir.1987) (holding that "noncompliance with the [FSIA]'s literal requirements (though it certainly did provide notice) deprives this Court of personal jurisdiction."); *Fagan*, 438 F. Supp. 2d at 386 (finding service of process insufficient because the plaintiffs did not comply with the service requirements of section 1608 by failing to include a notice of suit and a translation of all of the documents into German). This second failure to comply with the FSIA also, in and of itself, provides a sufficient basis to quash the complaint.

> 3. <u>Fly Brazil Failed to Provide a Complete Copy of the Verified Amended Complaint or a Complete Translation of that Complaint</u>.

Third, Fly Brazil failed to include a complete copy of the Verified Amended Complaint, including the exhibits to that pleading and the required French translation of the Verified Amended Complaint and exhibits.

When Fly Brazil attempted to serve Gabon on January 14, 2009, the service papers included the wrong version of the complaint, attaching the original Verified Complaint instead of the operative Amended Verified Complaint. Gabon's First Motion to Quash pointed out that service defect. [D.E. 2, at pp. 11-12]. Apparently, Fly Brazil tried to correct that defect and in doing so, instead included a confusing pile of documents in the Service Papers.

The Service Papers include: (1) a French Translation of the Verified Amended Complaint without the exhibits, (2) Fly Brazil's Motion to File Verified Amend Complaint and Memorandum of Law, which included the motion to amend and an English version of the Verified Amended Complaint without the exhibits. Then, the Service Papers (for some unknown reason) includes Exhibits 2 and 3 to Gabon's Fist Motion to Quash. After those documents, the package includes two stand alone documents, which appear to be the letter agreement and invoice referenced in the Verified Amended Complaint. However, these documents are not attached to nor identified as the exhibits to the Verified Amended Complaint. Ex. A, pp.18-26. The FSIA does not require a foreign sovereign to speculate as to which documents included in the service papers are meant to be formal exhibits to the operative complaint.

Moreover, the confusion caused by the manner in which the Verified Amended Complaint was organized was compounded by superfluous inclusions of unnecessary documents. *Id.* at pp. 18-19, 27-33. For example, the inclusion in the Service Papers of Exhibits 2 and 3 of Gabon's First Motion to Quash – the Florida Division of Corporations printout for Fly Brazil and Max Fly Aviation, and a printout showing the address for the Presidential Office for Gabon and the Ministry of Foreign Affairs – is nonsensical. *Id.* at pp. 27-33.

In addition, the French version of the Verified Amended Complaint is not complete because Exhibits A and B of that pleading were not attached to the French translation of the Verified Amended Complaint and do not appear in the Service Papers. *Id.* at pp..12-17.[16] All of these failures to comply with the FSIA should lead to a quashing of the attempted service.

---

[16] Fly Brazil's failure to include the required translations also renders the attempted service of process improper. *See, e.g., Gerristen v. Consulado Gen. de Mex.*, 989 F.2d 340, 345 (9th Cir. 1993); *Fagan*, 438 F. Supp. 2d at 386.

## Conclusion

Gabon should not be required to educate Fly Brazil, again and again, of the service requirements of the FSIA. If Plaintiff believes that it has a real claim against this foreign sovereign, it needs to be prepared to comply with the FSIA in all respects. Plaintiff has not been able to comply with the most basic requirements of federal law, which is not a very good harbinger of what can be expected if service is ever properly accomplished. The plain fact is that Gabon has already been required to spend effort and attorney's fees –twice – to try to educate Fly Brazil of its obligations. This Court should enter an order quashing the third attempted service. Further, the Court should exercise its inherent power to require Fly Brazil to pay the attorney's fees and costs in having to file this motion. Fly Brazil should not be permitted to cause this foreign sovereign to incur these costs due to its inability to comply with the clear and basic service requirements of the FSIA.

Respectfully submitted,

**TEW CARDENAS LLP**
*Attorneys for Defendant The Government
   of Gabon Africa*
Four Seasons Tower
1441 Brickell Avenue, 15th Floor
Miami, Florida 33131-3407
Telephone:   (305) 536-1112
Facsimile:    (305) 536-1116

By:   s/Joseph A. DeMaria
    JOSEPH A. DEMARIA
      Florida Bar No. 764711
      jad@tewlaw.com
    MARIA N. VERNACE
      Florida Bar No. 817171
      mnv@tewlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed *Defendant The Government of Gabon Africa's Motion to Quash Plaintiff Fly Brazil Group, Inc.'s Third Service Attempt of the Verified Amended Complaint for Insufficient Process and Insufficient Service of Process* with the Clerk of the Court by using the CM/ECF system on September 25, 2009, which will send a notice of electronic filing to the following:

**Stuart A. Goldstein, Esq.**
*Counsel for Plaintiff Fly Brazil Group, Inc*
LAW OFFICES OF GOLDSTEIN & SORDO
9350 South Dixie Highway, 10th Floor
Miami, Florida 33156

**Bruce David Green, Esq.**
*Counsel for Defendant*
  *Afrijet Business Services*
BRUCE DAVID GREEN, P.A.
1313 South Andrews Avenue
Fort Lauderdale, Florida 33316

                                                                                                                                                                                           s/Joseph A. DeMaria
                                                                                                                                                                                                COUNSEL

531026.1